IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-065 |
| | ) | |
| SHAWN EMMONS, Warden; | ) | |
| DEANNE MORRIS, Ga. Regent Health | ) | |
| System Health Service Administrator; | ) | |
| CHERIE PRICE, Deputy Warden; | ) | |
| WESLEY O'NEAL, Unit Manager; and | ) | |
| MITZI HALL, Director of Nursing, Ga. | ) | |
| Regent Health System, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, formerly incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Plaintiff was recently transferred to Rutledge State Prison ("RSP") in Columbus, Georgia. The Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction and/or protective order be **DENIED AS MOOT**. (Doc. nos. 4-1, 4-2.)

I. **BACKGROUND**

Plaintiff alleges Defendants violated his constitutional rights by refusing to place him in an air-conditioned dorm, removing his plastic container for his CPAP breathing machine, and removing him from the barbering detail. (See doc. no. 1, pp. 11-14.) Plaintiff seeks an

injunction compelling Defendants to place him in a climate-controlled, assisted living dorm and the CPAP container. (See doc. no. 4.) Plaintiff contends the non-climate controlled dorms exacerbate his asthma and cause difficulty breathing and the plastic container protects his CPAP from vermin and secondhand smoke. (Id. at 2.) Plaintiff also filed an amended complaint after his motion for preliminary injunction alleging new claims against new defendants at JSP, which are not part of his request for injunctive relief. (See doc. no. 9.) While Plaintiff's claims will be screened separately, the Court finds it appropriate to rule on Plaintiff's motion for a preliminary injunction without further delay.

## II. DISCUSSION

### A. Plaintiff's Motion for a Preliminary Injunction is Moot.

An inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Davila v. Marshall, No. 15-10749, 2016 WL 2947929, at *2 (11th Cir. May 20, 2016); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff seeks injunctive relief related to his living situation at JSP. However, Plaintiff reports that he has been transferred to RSP, meaning that he is no longer is experiencing the same conditions from which he asked for injunctive relief. Furthermore, there is no indication that he will return to JSP. Therefore, Plaintiff's motion for preliminary injunctive relief is moot.

### B. Plaintiff's Motion for a Preliminary Injunction Would Be Subject to Denial Even If It Were Not Moot.

Plaintiff would not be entitled to a preliminary injunction even if his motion were justiciable. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010). In cases of asthma, as with Plaintiff's claim, courts "refuse to fashion a rule that every instance of failure to treat a prisoner's asthma rises to the level of a constitutional claim." Thomas v. Mikell, No. CIV.A. 608-012, 2008 WL 2156362, at *2 (S.D. Ga. May 22, 2008). Indeed, "[m]ost courts that have addressed the issue have required a showing that the asthma attack was severe or that

3

it led to physical harm." Id. Plaintiff complains of difficult breathing and wheezing due to asthma, but alleges nothing that would indicate a need for serious medical attention. (See doc. no. 4, p. 2.) While it is possible, Plaintiff is unlikely to succeed on his claim without a showing that Plaintiff suffered a severe asthma attack and physical harm beyond mild difficulty breathing as a result of living in non-climate controlled dorms. See id. (denying plaintiff's Eighth Amendment claim where he failed to allege severe asthma attack requiring immediate medical attention). Thus, Plaintiff cannot satisfy the first prong of the test.

Additionally, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges the exacerbation of his asthma symptoms, including coughing, wheezing, and difficulty breathing, he has not shown a substantial threat of a real and irreparable injury that is imminent. (See doc. no. 4, p. 2.) Plaintiff does not contend his asthma is life threatening.

Plaintiff also fails to establish the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and the injunction would not be adverse to the public interest. Although Plaintiff contends there would be "minimal if any burden" on Defendants to comply with his requests and "[f]ailure to provide/accommodate injunctive relief

4

requested, [sic] is in itself contrary to public interest," these conclusory allegations do not establish the need for an injunction. (Id.) Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Requiring prison officials to house Plaintiff in an air-conditioned dorm and provide a container for his CPAP would be such an unwarranted interference. Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction and/or protective order be **DENIED AS MOOT**. (Doc. nos. 4-1, 4-2.)

SO REPORTED and RECOMMENDED this 21st day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA