IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-065 |
| | ) | |
| SHAWN EMMONS, Warden; | ) | |
| DEANNE MORRIS, Ga. Regent Health | ) | |
| System Health Service Administrator; | ) | |
| CHERIE PRICE, Deputy Warden; | ) | |
| WESLEY O'NEAL, Unit Manager; and | ) | |
| MITZI HALL, Director of Nursing, Ga. | ) | |
| Regent Health System; NURSE PULLINS, | ) | |
| Ga. Regent Health System, Johnson State | ) | |
| Prison; and OFFICER BYRD, Correctional | ) | |
| Officer, Johnson State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Rutledge State Prison ("RSP") in Columbus, Georgia, commenced the above-captioned case concerning events at Johnson State Prison ("JSP"). On September 12, 2016, Plaintiff filed an amended complaint alleging new facts and adding new defendants. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. BACKGROUND

Plaintiff names as Defendants (1) Warden Shawn Emmons, (2) DeAnne Morris, Health

Service Administrator, (3) Cherie Price, Deputy Warden, (4) Wesley O'Neal, Unit Manager, (5) Mitzi Hall, Director of Nursing, (6) Nurse Pullins, and (7) Officer Byrd. Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In his original complaint, Plaintiff alleges Defendants Price and Morris ignored his assisted living designation and placed him in a non-climate controlled dormitory at JSP. (Doc. no. 1, pp. 11-12.) As a result, Plaintiff's asthma symptoms worsened. (Id. at 12.) When Plaintiff filed a grievance regarding his dormitory placement, Defendant Price retaliatorily removed Plaintiff from barber duty. (Id.) Defendant O'Neal removed Plaintiff's plastic container used to store his CPAP machine, leading to contamination of the machine and further exacerbation of Plaintiff's asthma symptoms. (Id. at 13.)

In his amended complaint, Plaintiff alleges Defendant Pullins refused to provide him with nebulizer breathing treatments as prescribed by a physician's assistant at JSP. (Doc. no. 9, p. 11.) In addition, Defendant Byrd continued to turn off the exhaust fans in Plaintiff's dormitory which led to Plaintiff being exposed to secondhand smoke and extreme heat. (Id.) As a result of these Defendants' actions, Plaintiff suffered multiple asthma attacks over the course of several days. (Id.) Plaintiff did not name Defendants Price, Morris, O'Neal, or Emmons but did seek almost identical relief in the amended complaint. (See generally doc. no. 9.)

## II. DISCUSSION

Here, although all his claims surround treatment of his asthma, Plaintiff's original and amended complaints state different claims against different defendants. Normally, "an amended complaint supersedes the initial complaint and becomes the operative pleading in

the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007); see also Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). However, since Plaintiff's amended complaint seeks almost identical relief to his original, it appears Plaintiff intends for his amended complaint to supplement rather than supersede the original. This violates the prohibition against piecemeal amendment by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Therefore, the Court is unable to adequately review Plaintiff's complaints in their present form.

The Court recognizes Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within twenty-one days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

## III. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will <u>supersede</u> and <u>replace in its entirety</u> the previous pleadings filed by Plaintiff. Krinsk, 654 F.3d at 1202; Lowery, 483 F.3d at 1219 ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only

one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

### IV. PLAINTIFF'S MOTION TO USE EXHIBITS

As discussed above, Plaintiff's amended complaint filed in accordance with this Order will supersede and replace all previous pleadings filed by Plaintiff. See *supra* III. Further, Plaintiff has been warned "no portion of any prior complaint shall be incorporated into his amended complaint by reference." Id. Therefore, Plaintiff's Motion to Use Exhibits from CV 316-033 for this Complaint is **DENIED**. (Doc. no. 2.)

SO ORDERED this 30th day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA