IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL LUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-065 |
| | ) |
| SHAWN EMMONS, Warden; | ) |
| DEANNE MORRIS, Ga. Regent Health | ) |
| System Health Service Administrator; | ) |
| CHERIE PRICE, Deputy Warden; | ) |
| WESLEY O'NEAL, Unit Manager; and | ) |
| MITZI HALL, Director of Nursing, Ga. | ) |
| Regent Health System; NURSE PULLINS, | ) |
| Ga. Regent Health System, Johnson State | ) |
| Prison; and OFFICER BYRD, Correctional | ) |
| Officer, Johnson State Prison, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Rutledge State Prison ("RSP") in Columbus, Georgia, commenced the above-captioned case concerning events at Johnson State Prison ("JSP"). At the Court's direction, Plaintiff filed an amended complaint on December 12, 2016. (Doc. no. 18.) On December 22, 2016, Plaintiff filed the motion to amend presently before this Court, seeking to add defendants and claims. (Doc. no. 20.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive

> pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

Here, Plaintiff has previously filed several amended complaints; thus, Plaintiff is not entitled to amend as a matter of right. Plaintiff has properly sought the Court's permission to amend by filing a motion for leave to amend. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint."). Plaintiff asks the Court to read his amended allegations in conjunction with his previously amended complaint; however, as the Court previously warned Plaintiff, he may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. (See doc. no. 16, pp. 2-3); see also Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).

Accordingly, the Court hereby **ORDERS** Plaintiff to file an amended complaint including all of the allegations and defendants in one document, within fourteen days of the

date of this Order.[1]  Plaintiff must use the standard form provided along with this Order, with no more than six handwritten or typed pages attached.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages).  If Plaintiff wishes to amend his complaint, he **MUST** file an amended complaint in accordance with the following instructions.

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and, as the Court previously informed Plaintiff, it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  (Doc. no. 16, pp. 2-3.); see also Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims he wishes the Court to consider as a basis for awarding the relief sought.

If no response is timely received from Plaintiff, the Court will presume he no longer wishes to amend his complaint and the case will move forward on the basis of the current amended complaint (doc. no. 18).

SO ORDERED this 17th day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA