IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEANNE MORRIS, Health Service Administrator, Ga. Regent Health System; CHERIE PRICE, Deputy Warden; WESLEY O'NEAL, Unit Manager; JESSICA BYRD, Correctional Officer; CONSTANCE PULLINS, Nurse; JASON HURST, Cert. Officer; LARRY TIMMONS, Cert. Officer; LAKEISHA SMITH, Cert. Officer; JAMIE CLARK, Deputy Warden Administration; ANGIE CLAXTON, Nurse; PEARLENE ROGERS, Nurse; WALT BRYAN, Nurse; PAMELA LINDSEY, Nurse Practitioner; and ANNIE BODIE, Physician Assistant,[1] | ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 316-065 |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events at Johnson State Prison in Wrightsville, Georgia. He is proceeding *pro se* and *in forma pauperis*. Defendants Bryan, Byrd, Clark, Claxton, Hurst, Lindsey, Morris, O'Neal, Price, Pullins, Rogers, Smith, and

---

[1]The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

Timmons filed a partial motion to dismiss and a motion to stay discovery on May 22, 2017. (Doc. nos. 49, 50.)

A motion to dismiss is dispositive in nature, meaning the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. If Plaintiff fails to respond, the motion will be deemed unopposed and granted, resulting in the dismissal of the claims that are the subject matter of the motion. See Loc. R. 7.5. Plaintiff must also respond to the motion to stay the proceedings within fourteen days of service of that motion. If Plaintiff fails to respond, the motion to stay will likewise be deemed unopposed. See id.

When, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the normal course is for the Court to determine whether the motion to dismiss should be treated as one for summary judgment and therefore disposed of as provided by Fed. R. Civ. P. 56. Jones v. Automobile Ins. Co., 917 F.2d 1528, 1532 (11th Cir. 1990). However, if the motion to dismiss raises the issue of exhaustion of administrative remedies,[2] the Eleventh Circuit has ruled: "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

Although a motion to dismiss based on an exhaustion defense need not be converted to a motion for summary judgment, "it is proper for a judge to consider facts outside of the

---

[2]The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

2

pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376 (citations omitted). Therefore, if the exhaustion issue cannot be resolved based on the pleadings alone, and if a defendant submits affidavits or other evidence in support of the motion to dismiss, the plaintiff must be given the opportunity to submit his own affidavits or other evidence contradicting a defendant's submissions. See id. Accordingly, if the motion to dismiss in this case raises the issue of exhaustion of administrative remedies, Plaintiff's response to the motion should include appropriate supporting affidavits or other documentary evidence he may have to contest any exhaustion issue raised by Defendants.

To assure Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Court **DIRECTS** the **CLERK** of **COURT** to attach a copy of Fed. R. Civ. P. 12 and 41 to Plaintiff's service copy of this Order. Plaintiff shall have until June 8, 2017 to respond to Defendants' motion to dismiss and motion to stay.

Finally, in their brief in support of their motion, Defendants assert, "At this time, Plaintiff's amendment has not been screened and service has not been ordered or effectuated on [Defendants Lindsey and Bodie]. Accordingly, evaluation of Plaintiff's exhaustion of his claims against them is not addressed in this pleading." (Doc. no. 49-1, p. 4, n.1.) In direct contradiction to this assertion, Defendant Lindsey has waived service and explicitly joins in Defendants' motion. (See doc. nos. 48, 49.) Therefore, the Court will address Defendants' exhaustion claims with regards to Defendant Lindsey.

3

Moreover, the Court has already screened Plaintiff's claims against Defendants Lindsey and Bodie under the misnomer John and Jane Doe Doctors and allowed those claims to proceed. (See doc. no. 25.) When Plaintiff identified John and Jane Doe Doctors as Defendants Lindsey and Bodie, the Court merely deemed Plaintiff's amended complaint (doc. no. 22) amended to substitute Defendants. (See doc. no. 39.) There were no new claims to be screened. (Id.)

The docket reflects Defendant Bodie has not yet been served. Indeed, although Plaintiff identified "Ga. Regent Health System, 1499 Walton Way, Augusta, Georgia 30912" as the address at which to serve Defendant Bodie, waiver of service was mailed to Johnson State Prison at "P.O. Box 344, Wrightsville, Georgia 31096." (Doc. no. 38; Doc. no. 39-1.) Accordingly, the Court **DIRECTS** the United States Marshals to re-attempt service by mail on Defendant Bodie at "Ga. Regent Health System, 1499 Walton Way, Augusta, Georgia 30912" as set forth in the Court's March 20, 2017 Order. (See doc. no. 25, p. 5.)

SO ORDERED this 23rd day of May, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA