IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MITCHELL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEANNE MORRIS, Health Service Administrator, Ga. Regent Health System; CHERIE PRICE, Deputy Warden; WESLEY O'NEAL, Unit Manager; JESSICA BYRD, Correctional Officer; CONSTANCE PULLINS, Nurse; JASON HURST, Cert. Officer; LARRY TIMMONS, Cert. Officer; LAKEISHA SMITH, Cert. Officer; JAMIE CLARK, Deputy Warden Administration; ANGIE CLAXTON, Nurse; PEARLENE ROGERS, Nurse; WALT BRYAN, Nurse; PAMELA LINDSEY, Nurse Practitioner; and ANNIE BODIE, Physician Assistant, | ) | CV 316-065 |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Defendants' unopposed motion to stay discovery, pending resolution of its motion to dismiss (doc. no. 49). For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 50.)

The Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Ameris Bank v. Russack, No. CV 614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (internal citation and quotation omitted).

Here, because a cursory review of the motion suggests that it has the *potential* to be dispositive, id. at 653, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005). Defendants allege Plaintiff failed to properly exhaust his administrative remedies. (See generally doc. no. 49-1.) A ruling by the Court on this threshold legal issue could moot some or all discovery. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.") Plaintiff has already responded to the motion and does not contend he cannot oppose the motion without further discovery. (See doc. no. 57.)

Accordingly, the Court **GRANTS** Defendants' unopposed motion to stay discovery and **STAYS** discovery until resolution of Defendants' motion to dismiss. (Doc. no. 50.)

SO ORDERED this 23rd day of June, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2