IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL LUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEANNE MORRIS, Health Service Administrator, Ga. Regent Health System; CHERIE PRICE, Deputy Warden; WESLEY O'NEAL, Unit Manager; JESSICA BYRD, Correctional Officer; CONSTANCE PULLINS, Nurse; JASON HURST, Cert. Officer; LARRY TIMMONS, Cert. Officer; LAKEISHA SMITH, Cert. Officer; JAMIE CLARK, Deputy Warden Administration; ANGIE CLAXTON, Nurse; PEARLENE ROGERS, Nurse; WALT BRYAN, Nurse; PAMELA LINDSEY, Nurse Practitioner; and ANNIE ANDREW-BODI, Physician Assistant, | ) CV 316-065 |
| Defendants. | ) |

**O R D E R**

This matter is before the Court on Defendant Andrew-Bodi's unopposed motion to stay discovery (doc. no. 65), pending resolution of her motion to dismiss (doc. no. 64), and Plaintiff's motion to appoint counsel (doc. no. 63). For the reasons set forth in its June 23rd Order (doc. no. 62), the Court **GRANTS** the motion to stay (doc. no. 65.) and **STAYS** discovery as to Defendant Andrew-Bodi until resolution of her motion to dismiss.

Turning to Plaintiff's motion to appoint counsel, as a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951

F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff essentially argues he cannot litigate this case because his case is complex and he is *pro se*, indigent, and imprisoned. (See doc. no. 63.) Contrary to Plaintiff's assertions, his case is not particularly complex. Furthermore, his circumstances have not prevented him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to adequately explain his current claims and file numerous motions with this Court. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel. (Doc. no. 63.)

SO ORDERED this 5th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA