IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL LUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEANNE MORRIS, Health Service | ) |
| Administrator, Ga. Regent Health System; | ) |
| CHERIE PRICE, Deputy Warden; WESLEY | ) |
| O'NEAL, Unit Manager; JESSICA BYRD, | ) CV 316-065 |
| Correctional Officer; CONSTANCE | ) |
| PULLINS, Nurse; JASON HURST, Cert. | ) |
| Officer; LARRY TIMMONS, Cert. Officer; | ) |
| LAKEISHA SMITH, Cert. Officer; JAMIE | ) |
| CLARK, Deputy Warden Administration; | ) |
| ANGIE CLAXTON, Nurse; PEARLENE | ) |
| ROGERS, Nurse; WALT BRYAN, Nurse; | ) |
| PAMELA LINDSEY, Nurse Practitioner; and | ) |
| ANNIE ANDREW-BODI, Physician | ) |
| Assistant, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Calhoun State Prison ("CSP") in Morgan, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia, and is proceeding *pro se* and *in forma pauperis*. Before the Court is Plaintiff's motion for injunctive relief requesting the Court order prison officials at CSP to allow him to send and receive copies of his legal

documents from his family. (Doc. no. 90.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

## I. DISCUSSION

Plaintiff alleges officials at his current place of imprisonment, CSP, refuse to allow him to send and receive legal mail from his family in violation of the Georgia Department of Corrections Standard Operating Procedure and his constitutional right to access the courts. (Id.) A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. In his amended complaint, Plaintiff alleges wrongdoing exclusively by officials at JSP. (Doc. no. 22.) In contrast, however, all allegations made in his motion for injunctive relief are directed against prison officials at CSP in Morgan, Georgia, who are not parties to this civil action. There is no possibility of Plaintiff succeeding on the merits of his current allegations as to these Defendants, who have no involvement in his legal mail access at CSP. This Court does not have authority to direct CSP

officials to take any action since they are not parties. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003) ("[A]n individual or entity is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.") (internal quotations omitted).

Should Plaintiff wish to pursue injunctive relief against CSP officials, Plaintiff must file a new lawsuit, which would require submission of a new complaint and either a new motion to proceed *in forma pauperis* or the $400.00 filing fee, in the Albany Division of the Middle District of Georgia.

## II. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for injunctive relief be **DENIED**. (Doc. no. 90.) If Plaintiff wishes to pursue relief against CSP officials for their acts and omissions, he must do so by exhausting his administrative remedies and, if unsuccessful in that process, filing a separate civil action against GSP officials in the Albany Division of the Middle District of Georgia as detailed above.

SO REPORTED and RECOMMENDED this 2nd day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA