FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 OCT 12 PM 3: 57

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

MITCHELL LUDY,                          *
                                        *
        Plaintiff,                      *
                                        *
    v.                                  *       CV 316-065
                                        *
DEANNE MORRIS, Health Service           *
Administrator; CHERIE PRICE,            *
Deputy Warden; WESLEY O'NEAL,           *
Unit Manager; and JESSICA BYRD,         *
Correctional Officer,                   *
                                        *
        Defendants.                     *

_____

O R D E R

_____

Before the Court is Defendants' Partial Objection to the United States Magistrate Judge's Order (doc. no. 109), which granted in part Plaintiff's motions to compel. For the reasons stated below, the Court **SUSTAINS IN PART and OVERRULES IN PART** the Partial Objection (doc. no. 113). The Court need not rehash the document requests at issue, Defendants' objections, and the Magistrate Judge's rulings. Familiarity is presumed.

## A.    GRIEVANCES:    DOCUMENT REQUEST NUMBERS 1 AND 13

The Magistrate Judge ordered Defendants to produce any additional documents "related to the filing of grievances mentioning or relating to Plaintiff's respiratory health, assisted

living profile, CPAP container or machine, and prescribed breathing treatments . . . ." (Doc. No. 109, at 6.) In their objection, Defendants assure the Court they have produced all responsive documents known to exist and argue it would be unduly burdensome to conduct an exhaustive search of every potential location of additional documents, such as an electronic search of all employee email accounts within the Georgia Department of Corrections ("GDOC"). (Doc. No. 113, at 5-6.)

Given the nature of this case, it would undoubtedly be unduly burdensome for the GDOC to conduct a search of its entire email database. At the same time, however, parties are required in this electronic age to conduct reasonable and proportional searches for electronic discovery. If not already completed, Defendants need only make a simple inquiry of Defendants and grievance coordinators at Johnson State Prison to ensure such custodians have no emails or other electronic information concerning the relevant grievances. Accordingly, the Court **SUSTAINS IN PART** Defendants' objection to the extent the Magistrate Judge's ruling could be construed to require any additional efforts.[1]

---

[1] Defendants represent that they have "provided Plaintiff with copies of his grievance history as well as his grievances" during the relevant time period. (Doc. No. 113, at 5.) With this representation, the Court is satisfied that Defendants have produced all relevant hard copies responsive to Plaintiff's requests concerning grievances. To the extent that Plaintiff believes there are hard copies related to his grievances that have not been produced, he must request the documents of Defendants

2

**B.  INSTITUTIONAL FILE:  REQUEST NUMBER 5**

The Magistrate Judge ordered the production of "any documents or notes relating to Plaintiff's respiratory health, assisted living profile, CPAP container or machine, and prescribed breathing treatment" in Plaintiff's institutional file.  (Doc. No. 109, at 9.)  Defendants request narrowing the scope further to any such documents "in Plaintiff's institutional file between October 28, 2015, and August 15, 2016 (the date Plaintiff filed his Complaint)."  (Doc. No. 113, at 6-7.)  Certainly, the production should be limited to only those responsive documents found within Plaintiff's institutional file, since the original document request propounded by Plaintiff is so limited.  However, the time proffered by Defendants is too narrow.

Relevant to Plaintiff's claims is his medical condition within a reasonable period of time before and after the alleged occurrences.  Defendants argue it is unreasonable to require production of Plaintiff's institutional file for a longer time period because Plaintiff has been incarcerated at several different GDOC facilities over the past eleven years.  (Id. at 6.)  Just three pages later, however, Defendants explain that an inmate's entire institutional file travels with him or her when transferred to another facility.  (Id. at 9.)  In any event, the

with must greater specificity as to the type of document and/or location of the document.

relevance of documents related to the medical condition at issue in this case outweigh the burden upon Defendants in gathering and reviewing Plaintiff's institutional file for such documents. Accordingly, Defendants shall produce all documents within Plaintiff's institutional file concerning the relevant medical conditions. Consequently, the Court **OVERRULES** this objection.

C.    **ASTHMA ATTACK DOCUMENTS: DOCUMENT REQUEST NUMBER 8**

The Court granted Plaintiff's request as originally stated and ordered production of any documents concerning Plaintiff's asthma attacks during the period of April 2014 to June 2016. (Doc. No. 109, at 11.)    In their objection, Defendants explain they already produced all responsive documents known to exist by production of Plaintiff's grievances and medical records.    (Doc. No. 113, at 8.)  Defendants point out it would be unduly burdensome to conduct an exhaustive search of every potential location of additional documents, such as an electronic search of all employee email accounts within the GDOC.    (Id.)

As previously explained in connection with document request numbers one and thirteen (regarding grievances), the Court is satisfied that the production of grievance and medical records covers all hard copies of documents relevant to his request unless or until Plaintiff can provide greater specificity as to the type of hard-copy documents or the location of such documents that would also be responsive.    Nevertheless, the Court will require a simple

inquiry made of Defendants to ensure they have no emails or other electronic information concerning Plaintiff's asthma attacks. Such an inquiry should also be made to the medical unit at JSP. Accordingly, the Court only **SUSTAINS IN PART** Defendants' objection.

## D. AIR QUALITY: REQUEST NUMBER 9

Plaintiff sought all documents concerning the smell of tobacco and marijuana written by correctional officers in the dorm logs between April 2014 and June 2016. The Magistrate Judge ordered Defendants to produce all documents concerning "inmate complaints of poor air quality because of tobacco or marijuana smoke after Plaintiff's removal from assisted living" on October 28, 2015. (Doc. No. 109, at 12.)

Defendants contend they have no means to conduct electronic word searches for responsive documents. Instead, compliance would require "a detailed and individual search of all hard and electronically stored grievances and institutional files of all inmates," and "gathering and production of thousands of pages of dorm logs." (Doc. No. 113, at 10.) Defendants need not review every line of every institutional file and log book to find every mention of complaints regarding air quality. At the same time, however, Defendants cannot shirk their discovery obligations by merely pointing to worst case scenarios.

The Court hereby **SUSTAINS IN PART** the objection and relieves Defendants from the extraordinary efforts they identify. Instead, Defendants shall make a reasonable inquiry of supervising officers at Johnson State Prison to determine whether there is any recollection of documented complaints concerning poor air quality due to marijuana and tobacco smoke between October 28, 2015, and Plaintiff's transfer to Calhoun State Prison lodged by Plaintiff or other inmates housed in the same unit as Plaintiff. To the extent there is recollection of such complaints, sufficiently detailed to offer reasonable assistance in finding documentation, Defendants shall conduct a reasonable search and produce any responsive documents identified. In addition, Defendants shall inquire whether these supervising officers possess any electronic information such as e-mails that concern any such complaints.

**E.    EMPLOYEE FILES:  REQUEST NUMBER 12**

Plaintiff sought all employee personnel files for all named Defendants. The Magistrate Judge narrowed the request to only documents within Defendants' personnel files concerning Plaintiff's specific allegations of wrongdoing. (Doc. No. 109, at 13 ("only as to documents relating to [Plaintiff's] specific allegations against Defendants").) Defendants construe the order as requiring a broader scope of production (doc. no. 113, at 11); it does not. Accordingly, the Court **OVERRULES** this objection.

**CONCLUSION**

For the reasons set forth above, the Court **SUSTAINS IN PART and OVERRULES IN PART** Defendants' Partial Objection (doc. no. 113) to the Magistrate Judge's Order of September 11, 2018. **IT IS ORDERED** that Defendants shall supplement their production by November 2, 2018, with any additional documents responsive to Plaintiff's Requests Numbers 1, 5, 8, 9, 12 & 13 in accordance with this Order.

**ORDER ENTERED** at Augusta, Georgia, this _12th_ day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE