IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL LUDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 316-065 |
| DEANNE MORRIS, Health Service Administrator; CHERIE PRICE, Deputy Warden; WESLEY O'NEAL, Unit Manager; and JESSICA BYRD, Correctional Officer, | ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, an inmate at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. Before the Court is Plaintiff's "Objection to Defendants Discovery" in which he seeks the production of documents from Defendants. The Court construes the filing as a motion to compel. (Doc. no. 128.)

## I.  BACKGROUND

Plaintiff is requesting documents relating to "the smell of tobacco and marijuana," referred to by Plaintiff as "Item No. 9," and volume one of Plaintiff's medical files, referred to by Plaintiff as "Item No. 2." (Doc. no. 128.) Plaintiff previously filed motions to compel as to these documents. (Doc. nos. 99-100.) In reference to "Item No. 9," on October 12, 2018, the presiding District Court Judge Dudley H. Bowen ordered Defendants to

> make a reasonable inquiry of supervising officers at Johnson State Prison to determine whether there is any recollection of documented complaints concerning poor air quality due to marijuana and tobacco smoke between October 28, 2015, and Plaintiff's transfer to Calhoun State Prison lodged by Plaintiff.

(Doc. no. 115, p. 6.) In reference to "Item No. 2," this Court ordered Defendants to produce "any additional medical record involving Plaintiff's respiratory health, assisted living profile, CPAP container or machine, and prescribed breathing treatments." (Doc. no. 109, p. 7.)

On November 9, 2018, Defendants filed a "Notice of Partial Compliance with Court Order." (Doc. no. 122.) Therein, Defendants informed the Court of their progress with respect to "Item No. 9." (Id. at 3-4.) Defendants stated they had followed the Court's October 12th Order and were only able to locate two emails pertaining to marijuana smoke, which Defendants produced to Plaintiff. (Id. at 4.) Also, in the November 9th Notice, Defendants stated they were in the process of obtaining the medical records as ordered by this Court. (Id. at 2.) On December 12, 2018, Defendants notified the Court through a motion for an extension of the dispositive motion deadline they have still not received the remaining medical files for "Item No. 2" from the Georgia Department of Corrections ("GDC") and are working to obtain the medical files and provide them to Plaintiff. (Doc. no. 124, p. 2.)

## II. DISCUSSION

The Court denies the motion because it is premature and likely rendered moot by Defendants' ongoing discovery efforts. Plaintiff's filing does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel. His motion to compel runs afoul of Local Rule 26.5, about which the Court previously informed Plaintiff twice:

2

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. nos. 25, p. 7; 109, p. 3.)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

Additionally, it appears Plaintiff drafted this motion sometime in late November 2018 because the certificate of service attached to his motion is signed and dated for November 24, 2018, and the attached envelope is dated November 28, 2018. (Doc. no. 128, pp. 3-4.) During this time, Defendants were still in the process of gathering discovery they were ordered to produce to Plaintiff in the Court's September 11, 2018 Order and October 12, 2018 Order. (See doc. nos. 109, 115, 119, 122.) Also, on December 17, 2018, Plaintiff filed

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

a motion for summary judgment, signed December 7, 2018, which was after Defendants' last notice of partial compliance. (Doc. nos. 123, 126.) Therefore, the Court will briefly address Plaintiff's motion to evaluate if there is any merit to his requests after Defendants' notices of compliance with Court orders.

With respect to "Item No. 9," Defendants stated they could not locate any emails reflecting complaints of poor air quality due to marijuana or tobacco smoke but have produced two emails pertaining to marijuana smoke. (Doc. no. 122, p. 4.) "[T]he Court obviously cannot compel production of documents that do not exist" and "is generally entitled to rely on representations made in discovery requests and responses." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015) (internal citations omitted). Thus, Defendants' search and subsequent production has fulfilled their obligation as to "Item No. 9." As to "Item No. 2," Defendants stated they are attempting to locate and produce the remaining medical files of Plaintiff. (Doc. no. 124, p. 2.) Therefore, Plaintiff's motion is premature as to this discovery request.

### III. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion. (Doc. no. 128.) Should any dispute remain after Defendants produce the remaining medical files, Plaintiff should first contact defense counsel to attempt to resolve the dispute before filing a motion with the Court. He must then attach to any subsequent motion to compel a certification that he made a good faith effort to resolve the dispute with opposing counsel before filing his motion, quote verbatim each request for production at issue, and include the specific ground for the motion and reasons

assigned as supporting the motion.  See Loc. R. 26.5.

SO ORDERED this 20th day of December, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA